IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 1:16-CR-33 |
| v. | § |
| | § |
| | § |
| | § |
| | § |
| JESSE DAVIDSON | § |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed January 17, 2023, alleging that the Defendant, Jesse Davidson, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Davidson was sentenced on September 28, 2016, before The Honorable Ron Clark of the Eastern District of Texas after pleading guilty to the offense of Depredation of Government Property, a Class C felony.[1] This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of VI, was 12 to 18 months. Davidson was subsequently sentenced to 12 months and 1 day imprisonment, to run consecutively with any other state or federal sentence; followed by a 3 year term of supervised release, to run concurrently with terms imposed in

---

[1]    The case was reassigned to The Honorable Marcia Crone on November 18, 2021.

#CR10-30066-01-PA and CR11-30021-01-PA, District of Oregon; subject to the standard conditions of release plus special conditions to include financial disclosure, credit and gambling restrictions, substance abuse treatment, $100 special assessment, and $9,120 restitution.

## II. The Period of Supervision

Federal Bureau of Prisons' records indicate that Davidson was released from federal custody on July 27, 2018, whereupon he was transferred to state custody to begin an additional term of imprisonment. On July 26, 2019, Davidson completed his period of incarceration and began concurrent terms of supervised release in the District of Oregon. Records obtained from the District of Oregon indicate Davidson entered a residential reentry center (RRC) on October 2, 2019; however, he absconded from the facility ten days later, resulting in a Petition for Warrant being filed in District of Oregon Case Nos. 1:10cr30066-1 and 1:11cr30021-1. He apparently remained at large until being arrested for the new federal offense in Oregon on or about January 16, 2020. As of the date he fled the RRC and supervision in Oregon (October 12, 2019), Davidson had only completed 78 days of the instant 36 month term of supervised release.

While Davidson was serving his terms of supervised release in the above-noted District of Oregon cases, he was also serving the term of supervised release ordered in the instant case. Upon his arrest, his Eastern District of Texas probation officer unfortunately was not notified of his noncompliance so that judicial action could have commenced while this district still held jurisdiction. As such, the term of supervision in this case was tolled during the time between October 12, 2019 through January 16, 2020, while he was in absconder status with an active federal warrant, and also for the period of time during his most recent incarceration. Upon his release again, if continued on supervision in this case, he would have 1,017 days of supervised

release owed for the instant Eastern District of Texas case, which would establish a new projected expiration date of September 22, 2025.

As noted in the nature of noncompliance above, Davidson was ultimately convicted in District of Oregon Case No. 1:20cr411-1 on October 8, 2020, and received a 41-month imprisonment sentence, which was ordered to run concurrently with a 6-month revocation imprisonment term for District of Oregon Case Nos. 1:10cr30066-1 and 1:11cr30021-1, followed by 3 years of supervised release. At the time the original petition was filed, he was incarcerated in USP Pollock and scheduled to complete his imprisonment in Oregon on December 10, 2022.

### III.  The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising five allegations. The petition alleges that Davidson violated the following conditions of release:

<u>Allegations 1, 3,.4, and 5.</u> The defendant shall not commit another federal, state, or local crime.

<u>Allegation 2.</u> That the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

### IV.  Proceedings

On March 7, 2023, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, the Defendant agreed to plead "true" to the first allegation that claimed he failed to abstain from committing another federal, state, or local crime by committing the offense of Felon in Possession of Firearm for which he was convicted on October 8, 2020,

and sentenced to 41 months' imprisonment, to run concurrently to two revocation sentences imposed by the District Court of Oregon. However, the parties did not agree on a sentence and instead consented to the magistrate judge's recommended finding.

Davidson requested a downward variance because his original sentence was 12 months and a day. In support, he submitted a certificate earned during his incarceration (for exercise and mental health) and three character letters of support. Davidson claims that he served 45 months altogether and was expecting to be released from prison to serve his 3-year term of supervised release out of Oregon. Davidson stated that he has a good support system with a job and secure residence. The Government responded and asked for a sentence of 21-24 months' imprisonment, arguing that a downward variance is unwarranted because Davidson has demonstrated a pattern of noncompliance with supervision and the original conviction occurred while he was incarcerated. The petition contains allegations that Davidson committed the offenses of Failure to Register as a Sex Offender on or about January 16, 2020; Supply Contraband on or about June 7, 2020; and Assault and Harassment on or about September 1, 2020.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of

supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[2], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to abstain from committing a state, federal, or local crime, the Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade B violation, the court shall revoke probation or supervised release.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of VI, the policy statement imprisonment range is 21 to 27 months. However, the maximum term of imprisonment is 2 years; therefore, the guideline imprisonment range becomes 21 to 24 months.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Supervised Release Revocation Sentencing Options indicate that Davidson has failed to remit a restitution payment.

---

[2] All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. The Defendant's revocation sentence shall run consecutively to the terms previously imposed in the United States District Court for the District of Oregon, Case Nos. 1:20CR411-1; 1:10CR30066-1; and 1:11CR30021-1.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release because he failed to refrain from committing another state, federal, or local

crime. Based upon the Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 21 to 27 months. However, the maximum term of imprisonment is 2 years, therefore, the guideline imprisonment range becomes 21 to 24 months. Davidson did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, the undersigned finds that incarceration appropriately addresses Davidson's violation. Davidson has demonstrated a pattern of noncompliance with supervised release by committing multiple violations and absconding from a residential reentry center. Therefore, the sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 18 months, with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the first allegation in the petition that he violated a mandatory condition of release by committing another federal, state, or local crime. The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of eighteen (18) months' imprisonment, with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Yazoo City, Mississippi. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report. The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 20th day of March, 2023.

_____
Zack Hawthorn
United States Magistrate Judge